**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:14 CV 23** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **$506,069.09 Seized from First Merit Bank, et al.,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

This case is before the Court yet again on Claimants' Motion for Reconsideration of the Court's Order of February 24, 2015.  (Doc #: 62 ("Motion")).  The Court has reviewed the Motion and the Government's opposition brief (Doc #: 63).

Claimants devoted a significant amount of their Reconsideration Motion to distinguishing this case from *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).  (See Motion at 2-4.)  The Court cited *Morganroth* for the general, long-held principle that one cannot make blanket assertions of the Fifth Amendment privilege and the reasons why.

Again, "[a] valid assertion of the fifth amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination." *Morganroth*, 718 F.2d at 167 (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951)).  "A witness must, however, show a 'real danger,' and not a mere imaginary, remote or speculative possibility of prosecution." *Id*. (citations omitted).  "A blanket assertion of the privilege by a witness is not sufficient to meet

the reasonable cause requirement and the privilege cannot be claimed in advance of the questions.  The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify."  *Id*. (citing *Hoffman*, 341 U.S. at 486-88.)  has not been named in the ind of her husband and the corporation

Mrs. Zaidi has not been named in the indictment issued against her husband.  (See Case No. 1:14 CR 299.)  And the Government represents that she is not a  target of a criminal investigation.  The fact that Mrs. Zaidi may be called as a witness in her husband's criminal prosecution, should he ever return to this country, is an insufficient basis upon which to make a blanket assertion of that privilege preceding her deposition in this civil forfeiture case.  And it is altogether unacceptable for Mrs. Zaidi to determine whether her personal appearance at the CMC is necessary *despite a federal court order requiring her to be here*.

Mrs. Zaidi has been stringing the Court along for months, allowing her time to make preparations to fly to the United States for two days to attend her deposition and the CMC.  For these reasons, along with all the reasons previously addressed, Claimants' Motion for Reconsideration of the Court's Order of February 24, 2015 (**Doc #: 62**) is **DENIED**.

If Mrs. Zaidi fails to appear tomorrow as ordered, the Court will dismiss her claim against the assets that are the subject of this civil case for want of prosecution.

**IT IS SO ORDERED.**

          */s/Dan A. Polster     February 26, 2015*
          **Dan Aaron Polster**
          **United States District Judge**