**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:14 CV 23** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **$506,069.09 Seized from First Merit Bank,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This case is before the Court on Claimants' Motion for Partial Summary Judgment.  (**Doc #: 57**.)  For the following reasons, the Motion is **DENIED**.

**I.**

On January 6, 2014, the Government filed this civil in rem forfeiture action naming fourteen defendant properties consisting primarily of bank and investment accounts with an approximately aggregate value of $4.8 million, together with 139 pieces of jewelry valued in excess of $90,000. The Defendant accounts are in the names of Syed J. Ahktar-Zaidi, his wife Erum Zaidi, and his company Pain Management of Northern Ohio (and/or a combination of those names).  The Verified Complaint alleges that Syed Zaidi, a medical doctor who operated a pain management clinic in Solon, Ohio prescribed controlled substances (specifically, Schedule II and Schedule III painkillers) to his patients outside the scope of his professional practice and without a legitimate purpose, in violation of 21 U.S.C. section 841.  Moreover, he deposited the proceeds of his alleged illicit drug-trafficking activity in various bank accounts in the names of himself, his wife and his corporation,

then funneled those proceeds into various investment accounts which ultimately paid him dividends; thus laundering his tainted proceeds in violation of 18 U.S.C. sections 1956 and 1957.

On February 7, 2014, Dr. Zaidi, Erum Zaidi and Pain Management of Northern Ohio ("PMNO") filed Verified Claims asserting their interests in the defendant assets, and a single answer denying the allegations in the complaint and asserting affirmative defenses. Shortly thereafter, the Court scheduled a Case Management Conference ("CMC") to be held on March 12, 2014. The Zaidis then filed a motion to excuse personal appearance at the CMC due to "undue hardship" stating that the freeze of their assets forced them to move to Pakistan where they were residing with a relative. The Government opposed the motion arguing that any alleged hardship was created by the Zaidis moving to Pakistan outside the jurisdiction of the Court and in the midst of a criminal investigation related to this civil forfeiture case. Following a teleconference, the Court stayed the case pending a criminal investigation related to this civil case.

On August 27, 2014, the Government filed an Indictment against Dr. Zaidi charging him with one count of conspiring to distribute controlled substances, 36 counts of distribution of controlled substances, one count of healthcare fraud, eight counts of money laundering, and a forfeiture specification naming the same fourteen defendant properties targetted in this civil forfeiture case.

On October 24, 2014, Claimant Erum Zaidi filed, among other things, a motion to dismiss the forfeiture action to the extent that it froze assets listed in her name. After reviewing the briefs, the Court denied the motion in an order dated December 16, 2014. The Court found:

> [T]he complaint alleges that Dr. Zaidi prescribed highly abused and addictive painkillers to undercover officers with unimpressive pain levels, with little examination, without ordering x-rays or MRIs to ascertain the source of their purported pain, and without ordering physical therapy or other types of therapy short

> of painkillers.  The complaint alleges that Dr. Zaidi continued to prescribe painkillers for the officers for months after their initial visits without further medical investigation, increasing the strength of previously prescribed painkillers and prescribing more addictive painkillers.  In addition to the reports from the undercover officers' personal investigation of Dr. Zaidi's practice and the suspension of his DEA registration, the Government's investigation included findings from the Ohio Automated Reporting RX System of the Ohio Pharmacy Board's database, a review of Dr. Zaidi's Medicare Part D prescription drug claims, and a financial analysis following the proceeds of Dr. Zaidi's practice.  The Court concludes that, at the time it was filed, the complaint states sufficiently detailed facts to support a reasonable belief that the Government would meet its burden at trial.  Supplemental Rule G(2)(f).

(Doc #: 52, at 8-9.)  The Court also noted that (1) the Government is not required to allege in the complaint all of the facts and evidence at its disposal, (2) an indictment returned by a grand jury established the existence of probable cause, (3) it is unnecessary for Eruym Zaidi to be charged with a crime in order to subject to forfeiture assets in her name that constitute proceeds of illegal drug activity over which her husband has control, and (4) when legitimate funds are commingled with illegitimate funds, both are subject to forfeiture if the legitimate money was involved in the offense. (Id. at 9-10.)

The Court then scheduled a CMC on January 13, 2015 requiring the personal attendance of the parties.  (Doc #: 53.)  The Zaidis again asked to be excused from attending the CMC personally. The Court continued the CMC to February 24, 2015 to give Ms. Zaidi time to purchase airline tickets in advance of the conference so that she could attend it in person, and warned her that if she failed to appear for the CMC, her claim against the assets would be dismissed for want of prosecution.  However, the Court allowed Dr. Zaidi, who claims to have a heart condition preventing him from flying to the United States, to attend the conference by telephone.  The CMC was subsequently continued to February 27, 2015.

On February 20, 2015, Claimants filed the pending Motion for Partial Summary Judgment, reviving the argument in Erum Zaidi's Motion to Dismiss that the civil forfeiture complaint was factually insufficient as it was based on the undercover investigation of only three agents, over a period of only 9 months, and representing only a little over $2,000 in tainted funds.  Claimants insisted that the Government is bound by the evidence presented at the administrative hearing that resulted in the suspension of Dr. Zaidi's DEA registration to administer, dispense, and prescribed controlled substances.  Claimants again insisted that the Government's seizure of Erum Zaidi's personal jewelry was without lawful authority (attaching various receipts), and that judgment should be entered for Erum Zaidi's jewelry and all accounts, except the PMNO First Merit business account.

Ms. Zaidi did not show up for February 27 CMC, and the Court dismissed her claim to the assets for want of prosecution.  (Doc #: 66, at 1.)  However, the Court directed the Government to file a document that explains why the Government is not bound by the evidence at the DEA hearing, contains a general outline of additional evidence of criminal conduct beyond that set forth in the complaint along with evidence tying the money seized to that conduct.  (Id. at 2.)

The Government filed a brief reminding Claimants that, under 18 U.S.C. § 983(c)(2), the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture.  Furthermore, since the Government is not bound by the evidence it possessed at the time the complaint was filed, it is not bound by the evidence presented at the DEA hearing and is permitted to continue developing evidence through the discovery process.  The Court agrees, notwithstanding Claimants' citation of two unrelated cases on the subject of judicial estoppel.  (See Doc #: 68, at 7.)

-4-

The Government also explained, despite Claimants' continual insistence that the complaint is based only on the records of three undercover officers, that the complaint is also based on a review by a medical expert of the patient files seized during the search conducted on October 10, 2013 showing that there are many additional patients other than the undercover officers who were prescribed controlled substances for other than a legitimate medical purpose, as set forth in statistics (Doc #: 67, at 7); an analysis of OARRS data related to prescriptions issued by Dr. Zaidi for the relevant time period (id.); Dr. Zaidi's own statements concerning his practice (id.); interviews of PMNO staff members who observed, among other things, that the vast majority of patients were "drug seekers" (id, at 8); and evidence tying the money seized to that conduct (id. at 8-10).

## II.

For these reasons, the Court **DENIES** the Claimants' Motion for Partial Summary Judgment (**Doc #: 57**).  The Court reminds the remaining Claimants that, unless Dr. Zaidi returns to the United States by June 8, 2015, or makes some substantial showing that he will return after a further short delay, the Court will dismiss his claim to the seized assets and that of PMNO for want of prosecution.  (See Doc #: 66, at 2-3.)

**IT IS SO ORDERED.**


*/s/ Dan A. Polster    May 5, 2015*
**Dan Aaron Polster**
**United States District Judge**