UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14 CV 23 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| $506,069.69 SEIZED FROM FIRST MERIT BANK, REALITY SAVINGS ACCOUNT #901560000417, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This civil *in rem* forfeiture action has been pending since January 6, 2014. Suffice it to say that the history of this case has been repeatedly set forth in various court orders addressing substantive and non-substantive questions. (See Doc ##: 52, 60, 65, 66, 69, 70.) The litigation has culminated, after 17 months, in two orders directing Dr. Syed J. Akhtar-Zaidi to return to the United States no later than June 8, 2015 if he wishes to challenge the forfeiture of seized assets, unless he makes a substantial showing that he will return after a further short delay.[1] (Doc ##: 66, 70.)

Rather than respond to this simple, straight forward topic, counsel has taken this opportunity to re-argue the Court's rulings on Claimant Erum Zaidi's motion to dismiss as well as Claimants' Motion for Partial Summary Judgment, and to educate the Court on the fugitive

---

[1] Dr. Zaidi flew to Pakistan in December 2013, at a time when several of his assets had been seized and with knowledge that he was the target of a criminal investigation. That criminal investigation culminated in the filing of a multiple-count indictment.

disentitlement doctrine which is irrelevant to this civil case. (See Doc #: 71.) With regard to Dr. Zaidi's health, counsel merely states that Dr. Zaidi's health problems "have been long known to the plaintiff and the court." (Id. at 3.) What this Court knows is that Dr. Zaidi had a heart attack in 2007 which resulted in the placement of two stents, and that a Pakistani doctor stated in July 2014, in a document that is neither notarized nor authenticated, that Dr. Zaidi cannot handle the inherent "stress" of plane travel which is strictly forbidden in the "foreseeable future." (Doc #: 41-2, at 1.) That was nearly a year ago.

At the March 6, 2015 teleconference, the Court asked Dr. Zaidi what medications he was taking for his heart condition, to which he responded aspirin and beta blockers – medications that millions of Americans take daily and do not cause them any problems with air travel. The Court offered to free up enough of the seized assets to pay for any medical procedure that would improve Dr. Zaidi's health and enable him to come to the United States. His response brief does not mention, let alone address, any of this.

The bottom line is that the Court will not permit these Claimants to litigate their claims to the seized assets *in absentia and without discovery*. As early as the March 10, 2014 telephonic pretrial conference, the Court stressed the requirement that the Claimants could not proceed with their claims *in absentia*. In teleconferences postdating March 10, 2014, the issue of Dr. Zaidi's return has been raised, to no avail. By failing to return to the United States within the reasonable time period set by the Court, or otherwise advising the Court of when he will return, Dr. Zaidi simply thwarts the judicial proceedings.

The Court has reviewed the factors a court must consider when dismissing claims for want of prosecution. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). For

reasons articulated in the Government's response brief, the Court finds that Dr. Zaidi has demonstrated willful disregard for these proceedings; Claimants' efforts to litigate this case without allowing the Government to conduct discovery is unfairly prejudicial to the Government; Claimants have all been given more than fair notice that the Court would dismiss their claims absent discovery; and, as it is clear that the Zaidis have no intention of returning to the United States to litigate their claims, dismissal is the only sanction the Court can exercise other than staying the case forever – something the Court will not do.

For these reasons, the Court dismisses the remaining claims of Dr. Zaidi and PMNO to the seized assets for want of prosecution.[2]

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     June 15, 2015*
**Dan Aaron Polster**
**United States District Judge**

---

[2]On March 6, 2015, the Court dismissed the claim of Erum Zaidi (who has *no* health concerns) to the seized assets for failure to appear for her deposition and the Case Management Conference (despite granting her numerous extensions of time to make travel arrangements). (See Doc #: 66, at 1; Doc #: 65, at 2.)